26987. BRITTAIN et al. v. CAMP.

SUBMITTED FEBRUARY 14, 1972—DECIDED MARCH 10, 1972.

*Johnson & Lane, J. Clifford Johnson,* for appellants.

*Perren, Lane & Sanders, W. Robert Lane,* for appellee.

MOBLEY, Presiding Justice. This appeal is from the denial of a motion to dismiss the claim of Troy S. Camp against Raymond J. Brittain and Leila W. Brittain. Certificate for immediate review was signed by the trial judge.

The complaint alleged: The defendants (the Brittains) have title to a tract of land described in an attached exhibit. The plaintiff (Camp) and the defendants purchased the property from Mr. Harold Rich on September 14, 1968, and the purchase money in its entirety was paid by the plaintiff. At the time of the purchase the defendants orally agreed to obtain a loan from a lending institution to construct a dwelling on the described land, and after such loan was obtained, to execute a security deed to the plaintiff,

secondary to the security instrument to the lending institution, to secure the debt of $5,075, the sum provided by the plaintiff as purchase money for the property. The defendants have failed to apply for a loan from any lending institution, and have failed to reimburse the plaintiff for the purchase money of $5,075, or to execute any security instrument evidencing this indebtedness. The defendants are attempting to sell the property to an innocent third party.

Attached as an exhibit to the complaint is a deed from Harold Rich to Raymond J. and Leila W. Brittain, dated September 14, 1968, and reciting a consideration of $10 and other good and valuable consideration.

The complaint prayed that the defendants be temporarily restrained and permanently enjoined from selling or transferring the property described in the complaint; for judgment against the defendants for $5,075, plus interest and costs of the action; for notice of the action to be placed upon the lis pendens docket; and for other relief.

The defendants filed a motion to dismiss the complaint on the following grounds: (1) The complaint fails to state a claim upon which relief can be granted. (2) The suit is for money only and the plaintiff has an adequate remedy at law. (3) The pleadings do not allege inceptive fraud. (4) The plaintiff does not allege that he used due diligence, and the charges of fraud are insufficient.

The defendants assert in their brief that the complaint is a suit for money only, that the plaintiff has an adequate remedy at law, and that he shows no right to equitable relief.

"A party may . . . state as many separate claims . . . as he has regardless of consistency and whether based on legal or on equitable grounds or on both." *Code Ann.* § 81A-108 (Ga. L. 1966, pp. 609, 619; Ga. L. 1967, pp. 226, 230). If a complaint shows a claim on which relief, either legal or equitable, may be granted, it is not subject to dismissal.

Whether or not the complaint authorizes the equitable relief prayed, it is sufficient to show an obligation by the defendants to the plaintiff for the $5,075 alleged to have

been expended by the plaintiff for the purchase of the property of the defendants, and a claim on which relief may be granted is stated.

It was not error to deny the motion to dismiss the complaint.

*Judgment affirmed. All the Justices concur.*